**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STATES RESOURCES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00082-DGK |
| | ) | |
| DUSTIN YOHE, ARTIE YOHE, | ) | |
| and NONA YOHE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY GRANTING PLAINTIFF SUMMARY JUDGMENT

This case concerns four promissory notes given by Defendants to Hume Bank which the Federal Deposit Insurance Corporation later sold to Plaintiff. Defendants have failed to pay on the notes as required and have not cured their default. For the following reasons Plaintiff's Motion For Summary Judgment (Doc. 9) is GRANTED IN PART.

### Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

## Facts

The Court finds the facts to be as follows. Uncontroverted facts,[1] facts immaterial to the resolution of the pending motion, facts not properly supported by the record, and legal conclusions or argument offered as a statement of fact, have been omitted.

### Promissory Note 1

On or about July 5, 2006, Defendants Artie and Nona Yohe executed with Hume Bank a promissory note ("Note 1") in which they promised to pay $31,387.80, plus interest. To secure repayment of Note 1 they executed a security agreement ("Security Agreement 1") in which they granted the note holder a security interest in some cattle, a used 2004 Yamaha 660 Rhino VIN #5Y4AMO6YX4A000489, and a new 1999 Ford F250 pick-up truck, VIN # 1FTNX21S4XEC57320 ("Collateral 1"). The note also provided that Defendants shall pay the costs of collection, including attorneys' fees.

---

[1] Each of Defendants' responses to Plaintiff's statement of facts begins with "Defendants have denied in their Answer . . ." and then cites to the relevant paragraph in each Defendants' Answer denying that statement of fact. Defendants do not cite to a single deposition transcript, affidavit, or other portion of the record other than their answer. This is patently insufficient to controvert Plaintiff's statement of facts. Federal Rule of Civil Procedure 56(e)(2) states that, "an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its responses must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should . . . be entered against that party." Local Rule 56.1(a) also provides that facts set forth in the movant's statement of facts must be controverted in accordance with Rule 56 (that is, by affidavits, deposition testimony, etc.), or they "shall be deemed admitted."

Note 1 has matured, but despite demand for payment of the balance, payment has not been made. As of December 4, 2009, there was $24,751.40 due on the principal amount plus $1,089.12 in interest, for a total of $25,840.52, with per diem interest accruing at the rate of $5.76402 per day.

The loan documents state the note holder is entitled to possession of the collateral if the loan is not repaid. Plaintiff States Resources Corp. ("SRC") does not know where Collateral 1 is currently located, but believes it has been unlawfully detained by Defendants. SRC also does not know its actual value. This collateral has not been seized under any legal process, execution or attachment.

**Promissory Note 2**

On or about June 19, 2007, Artie and Nona Yohe executed with Hume Bank a promissory note ("Note 2") in which they promised to pay $42,678.55, plus interest. To secure payment of Note 2 they executed a security agreement ("Security Agreement 2") in which they granted the note holder a security interest in some cattle and some farm equipment, namely a John Deere #2650 Tractor, John Deere #530 Baler, Kuhn disc mower model 700, and a Vermeer 8 wheel rake ("Collateral 2"). The note also provided that Artie and Nona Yohe shall pay the costs of collection, including attorneys' fees.

Note 2 has matured, but despite demand for payment of the balance, payment has not been made. As of December 4, 2009, there was $41,755.41 due on the principal amount, plus $911.13 in interest, for a total of $42,666.54, with per diem interest accruing at the rate of $10.00986 per day.

The loan documents state the note holder is entitled to possession of the collateral if the loan is not repaid. SRC does not know where Collateral 2 is currently located, but believes it has

been unlawfully detained by Defendants. It has not been seized under any legal process, execution or attachment. SRC does not know its actual value.

**Promissory Note 3**

On or about June 3, 2005, Dustin Yohe executed with Hume Bank a promissory note ("Note 3") in which he promised to repay $59,269.00, plus interest. To secure payment of Note 3 he executed a security agreement ("Security Agreement 3") in which he granted the note holder a security interest in various tools and equipment used in an auto repair business, including a commercial air compressor, 10K LD 2 post hydraulic lift, tire machine, tire balancer, two large capacity tool boxes, two welders, torch set and bottles, three floor jacks, bubble balancer, six impact air tools, drill press, bench grinder, parts washer, cherry picker, impact sockets, wrenches, all inventory including parts, and a used 1999 Ford F150 pickup VIN # 1FTRX08LXXKB67322 ("Collateral 3"). That same day, to further secure repayment of Note 3, Artie Yohe executed a guaranty for Note 3 and delivered it to Hume Bank. Like the other notes, Note 3 provided that Dustin Yohe shall pay the costs of collection, including attorneys' fees.

Note 3 has matured, but despite demand for payment of the balance, payment has not been made, and Artie Yohe has not paid on his guaranty. As of December 4, 2009, there was $59,106.05 due on the principal amount, plus $9,400.59 in interest, for a total of $68,506.64, with per diem interest accruing at the rate of $12.14508 per day.

The loan documents state the note holder is entitled to possession of the collateral if the loan is not repaid. SRC does not know where Collateral 3 is currently located, but believes it has been unlawfully detained by Dustin Yohe. It has not been seized under any legal process, execution or attachment. SRC does not know the collateral's actual value.

**Promissory Note 4**

On or about June 29, 2007, Dustin Yohe executed with Hume Bank a promissory note ("Note 4") in which he promised to repay $25,000.00, plus interest. To secure payment of this note he executed a security agreement ("Security Agreement 4") in which he granted the note holder a security interest in various equipment and motor vehicles ("Collateral 4") including a tire machine, balancer, equipment in inventory, metal, parts, pipe and related miscellaneous inventory, an exhaust pipe machine, all tools, a 2003 Bombardier DS-650 4wheeler, a used 1947 Willie Jeep (VIN #RCR129195), a used 1977 Ford pickup truck (VIN #F26HCY48317), and a used 1985 Ford pickup (VIN #1FTCF15Y9FKB26063). Like the other notes, Note 4 provided that Dustin Yohe shall pay any costs of collection, including attorneys' fees.

Note 4 has matured, but despite demand for payment of the balance, payment has not been made. As of December 4, 2009, there was $24,412.89 due on the principal amount, plus $2,426.79 in interest, for a total of $$26,839.68, with per diem interest accruing at the rate of $5.01635 per day.

The loan documents state the note holder is entitled to possession of the collateral if the loan is not repaid. Plaintiff does not know where Collateral 4 is currently located, but believes it has been unlawfully detained by Dustin Yohe. It has not been seized under any legal process, execution or attachment. SRC does not know the collateral's actual value.

After the promissory notes were made the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of Hume Bank. Afterwards Plaintiff purchased the notes and securitization agreements from the FDIC.

None of the Defendants are members of the armed forces of the United States within the meaning of the Service Members Civil Relief Act and are not entitled to its protection.

**Discussion**

Plaintiff seeks to recover money owed under each promissory note and on Artie Yohe's guaranty for Note 3. Plaintiff also seeks replevin for the collateral and an award of attorneys' fees.

**A.      Plaintiff is entitled to summary judgment on Counts I and II (Notes 1 and 2).**

Under Missouri law a plaintiff makes a prima facie case on a suit for a promissory note by producing the note signed by the defendant and showing the balance due. *Green Acres Enter., Inc. v. Freeman*, 876 S.W.2d 636, 640 (Mo. App. 1982). "Once signatures are admitted or established, production of the note entitles the holder of the note to recover on it unless the defendant establishes a defense." *Id.* In an action on an instrument, "the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Mo. Rev. Stat. § 400.3-308(a).

In the present case Plaintiff has produced the promissory notes signed by Defendants Artie and Nona Yohe and proved the balance due. Defendants have not contested the authenticity of their signatures on the instrument, nor have they alleged any defense. Because Plaintiff has demonstrated that Defendants Artie and Nona Yohe executed Note 1 and Note 2 but failed to pay the amount owed, were in default, and have failed to cure their defaults, the entire balance of Note 1 and Note 2, with interest, is now due. Artie and Nona Yohe owe on Note 1 $25,840.52 with interest accruing at the rate of $5.76402 per day beginning December 4, 2009, until paid in full. On Note 2 they owe $42,666.54 with interest accruing at the rate of $10.00986 per day beginning December 4, 2009 until paid in full.

**B.      Plaintiff is entitled to summary judgment on Counts III and IV (Notes 3 and 4).**

Plaintiff has also produced the promissory notes signed by Defendant Dustin Yohe and demonstrated the balance due, and Dustin Yohe has not established a defense or contested the authenticity of his signature on the instrument.  Accordingly the Court holds Plaintiff has shown that Dustin Yohe executed Note 3 and Note 4 but failed to pay the amount owed, he was in default and he failed to cure this default, consequently the entire balance on Note 3 and Note 4—with interest—is now due.  On Note 3 he owes $68,506.64 with interest accruing at the rate of $12.14508 per day beginning December 4, 2009, until paid in full.  On Note 4 he owes $26,839.68 with interest accruing in the amount of $5.01635 per day beginning December 4, 2009 until paid in full.

**C.      Plaintiff is entitled to summary judgment on Count V, Artie Yohe's personal guaranty of Note 3.**

A guaranty is "a promise to answer for the payment of some debt . . . in case of the failure of another who is liable in the first instance."  Black's Law Dictionary 784 (8th ed. 2004).

> To recover on a contract of guaranty, the creditor must show (1) that the defendant executed the guaranty, (2) that the defendant unconditionally delivered the guaranty to the creditor, (3) that the creditor, in reliance on the guaranty, thereafter extended credit to the debtor, and (4) that there is currently due and owing some sum of money from the debtor to the creditor that the guaranty purports to cover.

*ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. 1993) (upholding summary judgment in favor of creditors on a guaranty).  Plaintiff has shown that Artie Yohe executed a guaranty for Note 3, that he delivered the guaranty to Hume Bank, that as a result of executing the guaranty Hume Bank extended credit to Dustin Yohe, that Dustin Yohe still owes principal and interest on the note, and that Artie Yohe's guaranty covers the

note. Accordingly, Plaintiff is entitled to summary judgment on Count V. The Court awards Plaintiff $68,506.64 in principal and interest, with per diem interest accruing at the rate of $12.14508 per day.

**D.    Plaintiff is not entitled to summary judgment on counts VI, VII, VIII, and IX.**

Counts VI through IX seek replevin on collateral secured by the loan agreements. To be entitled to replevin, a plaintiff must prove (1) entitlement to possession of the property, (2) unauthorized control over the property by defendant, and (3) deprivation of plaintiff's right to possession by defendant. *Lafayette v. Courtney*, 189 S.W.3d 207, 210 (Mo. App. 2006).

In the present case Plaintiff has demonstrated the first element, but the record is insufficient with respect to the second and third elements. The evidence currently before the Court is that Plaintiff does not know where the collateral is located, but for some unidentified reason believes that it has been unlawfully detained by Defendants. There is no evidence on the record that Defendants have actually deprived Plaintiff of any right over the collateral, or that Defendants are currently exercising unauthorized control over the collateral. There is no evidence, for example, that Defendants spirited away the equipment in the middle of the night and have refused to return it. Consequently SRC has not demonstrated it is entitled to summary judgment on counts VI through IX.

**E.    Plaintiff is entitled to attorneys' fees.**

Plaintiff moves for attorneys' fees and costs of $3,298.00 incurred through February 2010 for Plaintiff's cost of collection and reasonable attorneys fees. The promissory notes at issue expressly provide for these costs, and a provision providing for reasonable attorneys' fees in conjunction with recovering payment on a promissory note is valid and enforceable under Missouri law. *Emmons v. Winters*, 627 S.W.2d 904, 907 (Mo. App. 1982) (noting "[p]rovisions

for attorney fees in a note or mortgage are valid" in Missouri). The Court has reviewed the affidavit submitted by Plaintiff's counsel and finds the fees incurred thus far are reasonable and due under the notes. Plaintiff's request for attorneys' fees and costs of $3,298.00 is GRANTED.

## Conclusion

Plaintiff's Motion For Summary Judgment (Doc. 9) is GRANTED IN PART. The motion is GRANTED with respect to Counts I –V and DENIED on Counts VI – IX.

Judgment is hereby entered:

1.  on Count I on Note 1 against Artie and Nona Yohe jointly and severally in the amount of $25,840.52, together with interest from and after December 4, 2009, at the rate of $5.76402 per day;

2.  on Count II on Note 2 against Artie and Nona Yohe jointly and severally in the amount of $42,666.54, together with interest from and after December 4, 2009, at the rate of $10.00986 per day;

3.  on Count III on Note 3 against Dustin Yohe in the amount of $68,506.64, together with interest from and after December 4, 2009, at the rate of $12.14508 per day;

4.  on Count IV on Note 4 against DustinYohe in the amount of $26,839.68, together with interest from and after December 4, 2009, at the rate of $5.01635 per day;

5.  on Count V on the guaranty against Artie Yohe in the amount of $68,506.64, together with interest from and after December 4, 2009, at the rate of $12.14508 per day for interest on the judgment as set forth in Note-3;

6.  for Plaintiff's costs incurred herein, including reasonable attorneys' fees in the amount of $3,298.00.

**IT IS SO ORDERED.**

Date:  July 13, 2010                              /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT